UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

CARL ROGER CAMPOS II,

                    Petitioner,

-vs-                                             Case No.  8:09-cv-2206-T-17MAP

SECRETARY, DEPT. OF CORRECTIONS,

                    Respondent.

_____

# O R D E R

Carl Roger Campos  II petitions for the Writ of Habeas Corpus pursuant to 28 U.S.C.

§ 2254.  A review of the record demonstrates that the petition must be **denied.**

## JUDICIAL NOTICE OF CAMPOS' FEDERAL CRIMINAL CASE

The Court takes judicial notice of the facts set out in Campos' plea agreement in his

federal criminal case, 8:00-cr-58-T-23(A):

9. Factual Basis

Defendant is pleading guilty because defendant is in fact guilty. The defendant

certifies that defendant does hereby admit that the facts set forth below are true, and were

this case to go to trial, the United States would be able to prove those facts beyond a

reasonable doubt.

FACTS

On or about November 25,1998 and February 22,1999 in the Middle District of

Florida, the defendant conspired with co-defendants Anthony Ahedo and Eddie Gomez to

rob the Pasadena and Diamond Bank Jewelry Stores. (Gomez only robbed Diamond Bank

jewelry store.) On each occasion, the conspirators, along with the defendant,  broke into

the homes of the jewelry store owners, tied them up and forced them to give the conspirators the keys and alarm code for the stores. On each date, the conspirators, including the defendant, had a firearm in hand and brandished them before the victims.

Leaving the owners tied up in their homes, the conspirators drove to the stores and attempted to enter the stores with the stolen keys and codes. On November 25, 1998, the conspirators were able to enter the Pasadena store and took approximately $150,000 worth of merchandise. This merchandise had traveled by way of interstate commerce and the theft then affected such interstate commerce. Regarding the Diamond Bank robbery, the conspirators were unable to enter the store on their own and returned to the owner's home. At gunpoint, the conspirators drove him to the store and forced him to open it for them. Once inside, the conspirators' stole the store's jewelry and currency. Prior to the robbery, Diamond Bank's jewelry had been transported in interstate commerce and the theft affected interstate commerce. The conspirators stole approximately $500,000 worth of merchandise from the Diamond Bank jewelry store. (Doc. 59, pp. 15-16 in the criminal case cited above).

## PROCEDURAL AND FACTUAL STATEMENT IN PRESENT HABEAS CASE

On September 1, 1999, Campos (who was a senior in college) was charged by information in Hernando County, Florida, with one count of home invasion robbery while armed, five counts of kidnaping while armed, one count of burglary of a structure, and one count of grand theft. (A 3-5, 25-27).  After a lengthy discovery process, Campos entered into a plea agreement with the State. (A 37-39).

Pursuant to the written plea agreement, Campos plead guilty to one count of home invasion robbery while armed, one count of kidnaping while armed, four counts of the lesser included offense of false imprisonment, one count of burglary of a structure, and one count

-2-

of grand theft. (A 37). The agreed upon sentence was for a total of 15 years incarceration and Campos "can serve his time in federal prison if sentenced to same." (A 38). Campos' plea was accepted and he was sentenced in accord with the plea agreement to a total sentence of 15 years incarceration on January 10, 2001. (A 41-74, 78-105). In imposing the sentence, the trial judge stated:

> Also I'll note that pursuant to the agreement, I don't think it's an issue that this Court can address, but certainly this sentence can be served in federal prison if you receive a federal sentence. But I think the federal judge could take care of that issue.

(A 102). The written sentence reflects that Campos "may serve this sentence in federal prison with federal sentence if imposed." (A 69, 113).

Campos took no direct appeal.

On August 8, 2001, Campos' trial counsel filed a motion to set aside plea or in the alternative set aside sentence. (A 106). Counsel argued that Campos could not serve his state sentence concurrently with his federal sentence because he had yet to be sentenced in federal court. (A 106).

On April 30, 2002, while the state motion to set aside plea was still pending, Campos was sentenced in federal court to 348 months followed by 36 months supervision. (A 137-142). The sentence was ordered to be served concurrently with Campos' Hernando County, Florida, sentence. (A 138). On May 2, 2002, the state trial judge ruled on the pending motion and found that Campos' sentence was to run concurrent to his federal sentence and one page of the sentencing document was amended to reflect such. (A 69, 113).

After having been incarcerated and serving his state and federal sentences in the Florida prison system for more than six years, on August 25, 2008, Campos turned over for mailing a belated motion for post conviction relief and a petition for writ of habeas corpus. (A 114, 120). On October 23, 2008, the trial judge denied both the motion and the petition. (A 127). The trial judge found that Campos had not requested his attorney file a motion for post conviction relief. (A 127). The trial judge also found that he "did not order sentence to be served in Fed. Crt. but recommended if he could." (A 127). The trial judge denied the motion without prejudice for Campos to provide something related to this issue in his federal sentence. (A 127).

On October 30, 2008, Campos turned over for mailing an amended motion and an amended petition. In the amended motion, Campos acknowledged that the trial judge informed him that he "'may' serve [his state sentences] in federal prison . . ." (A 129). Attached to the amended motion and amended petition were Campos' federal sentence and a letter from the U.S. Department of Justice which established that Campos' federal sentence was running concurrently with the Florida sentence and that Campos had begun to serve the federal sentence on April 30, 2002, the day he was sentenced in federal court. (A 137-142, 144-146, 148, 150, 160-174). Campos also attached a letter dated June 12, 2002, sent to his trial counsel from the U.S. Department of Justice clearly setting forth that the state court judge could not "designate a federal prison as a place for service of a state sentence." (A 150, 174). On January 15, 2009, the trial judge ruled that no further action would be taken, as the "sentences are running concurrent [and] proper CTS given." (A 179).

Campos appealed the denial of the motion to the Florida Fifth District Court of Appeal. (A 180). Campos filed an initial brief. (A 221). The State filed a response indicating that no response would be filed unless ordered by the court. (A 237). On September 15, 2009, the denial of the rule 3.850 motion was per curiam affirmed without requiring any response from the State. (A 239). *See Campos v. State*, 17 So. 3d 1239 (Fla. 5th DCA 2009). Mandate issued on October 7, 2009. (A 240).

On October 27, 2009, Campos turned over for mailing the instant petition for writ of habeas corpus raising one ground for relief: breach of written plea agreement that Campos could serve his state prison sentences in federal prison. On October 30, 2009, this court issued its order to show cause.

The Present Petition Is Time-Barred

Title 28 U.S.C. §2244(d) was amended by section 101 of the Antiterrorism and Effective Death Penalty Act of 1996, (AEDPA), and became effective on April 24, 1996. Section 2244(d)(1)(A) specifically requires that a petition filed in federal court by a person in custody pursuant to a state conviction be filed within one year from the date the conviction became final. Section 2244(d)(2) provides that the one year time limit is tolled for any properly filed state collateral petitions or motions.

The instant petition was untimely filed. Campos was sentenced in state court on January 10, 2001. Campos had thirty days, or until February 9, 2001, in which to file his direct appeal. Campos took no direct appeal. Thus, Campos had from February 9, 2001, until February 9, 2002, in which to timely file his federal habeas petition. The instant petition was not turned over for mailing until October 27, 2009, more than seven (7) years too late. The instant petition was untimely filed.

-5-

It is true that on May 2, 2002, the state trial judge ruled that Campos' sentence was to run concurrent to his federal sentence which had been imposed on April 30, 2002, and amended one page of Campos' written sentence. (A 112, 113). Even if this ruling amounts to the imposition of a new sentence, the instant petition remains untimely filed. Campos did not appeal the May 2, 2002, ruling of the trial judge or the amended sentence. With the additional 30 days for filing an appeal, Campos had until June 3,[1] 2002, to file a timely notice of appeal. Campos then had until June 3, 2003, to timely file the instant petition. As set forth above, the petition was not turned over for mailing until October 27, 2009, more than six years too late. The instant petition was untimely filed.

While Campos did file a rule 3.850 motion and a state habeas petition, both were filed long after the one year limitation period expired. Thus, neither the motion nor the petition provide any tolling. *See Webster v. Moore*, 199 F.3d 1256, 1259 (11th Cir. 2000), *cert. denied*, 121 S.Ct. 481 (2000) ("A state-court petition . . . that is filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled."); *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001) (a state collateral pleading that is filed following the expiration of the federal limitations period "cannot toll that period because there is no period remaining to be tolled."). The instant petition was untimely filed.

Campos did not act diligently in pursuing his claim. *See Diaz v. Secretary, Department of Corrections*, 362 F.3d 698, 702 (11th Cir.2004). Campos' claim centers on the fact that he is not physically serving both his state and federal sentences in a federal

---

[1] The thirtieth day was actually Saturday, June 1, 2002. Thus, Campos would have had until the following Monday, June 3, 2002, to timely file his notice of appeal.

prison. Campos has known this fact since the sentences, both state and federal, were imposed and he was transferred back into the state prison system in 2002. Campos waited more than six years after he was sentenced in federal court and returned to the Florida state prison system to challenge his case both in the state court and in this court. Such delay exhibits a total lack of diligence. Campos is not entitled to equitable tolling.

Even if the present petition were timely filed, Campos is not entitled to habeas relief. Contrary to his claim, the state plea agreement did not provide that Campos had to or was required to serve his state sentence in federal prison as part of the plea agreement. Rather, the State was in agreement that he "can" serve it in federal prison. This is evident from the written plea agreement, the written sentence and what was said during the sentencing hearing. (A 38, 69, 102, 113). Neither the assistant state attorney nor the trial judge could force the federal prison authorities to allow Campos to serve his state sentence in federal court. (A 150, 174).  The Department of Justice, in its letter dated June 12, 2002, stated:

Angelo M. Ferlita
Ferlita, Nutter & Rosello, P.A.
Attorneys At Law
610 West Azeele Street
Tampa, Florida 33606

**RE: CAMPOS, Carl**
**USM No. 39524-018**

Dear Ms. Ferlita:

This is in response to your correspondence dated May 24, 2002, regarding the above-referenced inmate who is presently incarcerated in the Florida Department of Corrections, In the letter, you inquire as to whether Mr. Campos can be transferred to the federal prison system to serve both state and federal sentences.

Records indicate that Mr. Campos was sentenced on April 30, 2002, to a term of 29 years to run concurrent to his Florida state sentence. His sentence has been computed with a projected release date of March 9, 2026. It is the position of the Bureau of Prisons that the

sovereign which first arrests the individual acquires the right to prior and exclusive jurisdiction over him. Also, the determination of priority of custody and service of sentence between state and federal sovereigns is a matter of comity between the two sovereigns. Although a state court may express its desire to have a state sentence run concurrently with a prior federal sentence, the state court cannot compel that the state sentence be served in a federal prison or that the state prisoner receive credit on his federal sentence. This is because the state judge cannot designate a federal prison as a place for service of a state sentence. In situations where an individual is in primary state custody and serving a sentence, federal custody should not commence until the state relinquishes the prisoner on satisfaction of the state obligation.

I trust this information will assist you in responding to your client. If I may be of further assistance to you in this matter of other issues of mutual concern, please do not hesitate to contact me.

Sincerely,

Dorothy A. Ferrel
Inmate System Specialist

(A 150, 174).

Finally, Campos' sole complaint is that he is not physically serving his sentence in federal prison. While Campos attempts to raise his claim in federal terms, such a claim does not raise a federal constitutional issue. Even if the petition was timely filed, Campos would be entitled to no relief. It is clear from the plea agreement that what was contemplated was that Campos would not serve double time for the offenses charged both in state court and in federal court. Campos' is serving both his state and federal sentences at the same time, or concurrently, and he began to serve those sentences concurrently on April 30, 2002, when he was sentenced in federal court.[2] Campos may not dictate in what facility or where he serves his sentences. When Campos completes his state sentences,

---

[2] At the time he was sentenced in federal court, Campos had already served more than a year of the state sentence, as he was sentenced in state court on January 10, 2001.

he will then be transferred to the federal prison system where he will serve the remainder of his federal prison term. (A 150, 174). Campos is entitled to no relief.

While Campos attempts to cast the blame for the untimely filing of the instant petition on his trial counsel, he has no one to blame but himself. Campos knew where he was serving his sentences and he did nothing for more than six years. Campos has failed to allege and prove that he acted diligently and that some extraordinary circumstance stood in his way which prevented him from timely filing his petition.

Accordingly, the Court orders:

That Campos' petition is denied.  The Clerk is directed to enter judgment against Campos and to close this case.

## CERTIFICATE OF APPEALABILITY AND
## LEAVE TO APPEAL IN FORMA PAUPERIS DENIED

The Court declines to issue a certificate of appealability pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts because Petitioner has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c)(2).  Because Petitioner is not entitled to a certificate of appealability, Petitioner is not entitled to appeal in forma pauperis.

ORDERED at Tampa, Florida, on September 30, 2010.

ELIZABETH A. KOVACHEVICH
UNITED STATES DISTRICT JUDGE

Counsel of Record
Carl Roger Campos, II